**WO**                                                                                                         JKM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ping Ping Zhou, | No. CV 07-0785-PHX-DGC (ECV) |
| Petitioner, | **ORDER** |
| vs. | |
| Katrina Kane, et al., | |
| Respondents. | |

On May 24, 2007, the Court entered a Temporary Stay of Removal enjoining Petitioner's removal from the United States until Friday, June 29, 2007. Dkt. #19. The Court directed the parties to file simultaneous briefs on Petitioner's application for a preliminary injunction. The parties were specifically directed to address the issues raised in the Court's Memorandum of Decision on Temporary Stay of Removal.[1] Dkt. #21. After considering the parties' briefs, the Court will deny Petitioner's request for a preliminary injunction and vacate the temporary stay of removal.[2]

**I.     Background.**

Petitioner is a native and citizen of the People's Republic of China who entered the United States on August 11, 2003. Upon her arrival, Petitioner was apprehended by

---

[1] The Court incorporates the facts and analysis set forth in its Memorandum of Decision as modified by this order.

[2] The Court noted that it would consider the parties' briefs and issue an order without further oral argument unless a party specifically requested oral argument. Dkt. #19 at 2. Although Petitioner requested oral argument in her Brief (Dkt. #24), her counsel called the Court's staff on June 26, 2007, to explain that she had no objection to a ruling on the briefs without further oral argument.

1 immigration officials and placed in detention. On December 2, 2003, an immigration judge 2 denied Petitioner's application for asylum and entered an order for her removal from the 3 United States as an unlawful arriving alien. Petitioner did not appeal from the immigration 4 judge's decision. On June 16, 2004, following a "Post Order Custody Review," Petitioner 5 was granted release under an order of supervision pursuant to 8 U.S.C. § 1231(a)(3).

6 On March 29, 2006, Petitioner married a United States citizen and they now have a 7 United States citizen child. On April 10, 2006, Petitioner's husband filed a Form I-130 8 Relative Immigrant Visa Petition on Petitioner's behalf. On July 14, 2006, the United States 9 Customs and Immigration Services (CIS) approved the I-130 petition. Petitioner thereafter 10 requested that Immigration and Customs Enforcement (ICE) join her in a motion to reopen 11 her removal proceedings to allow her to apply to adjust her status. In November 2006, ICE 12 declined Petitioner's request.

13 On March 21, 2007, Petitioner was served with a Notice of Revocation of Release and 14 taken into ICE custody. On April 4, 2007, Petitioner submitted a Request for Parole for 15 Consideration of Adjustment of Status. On May 17, 2007, Petitioner filed a Form I-485 16 Application for Adjustment of Status with the CIS. In her recently filed brief, Petitioner 17 concedes that her Request for Parole for Consideration of Adjustment of Status was denied. 18 Dkt. #24 at 4 n.3.

19 Petitioner seeks a writ of habeas corpus prohibiting Respondents from deporting her 20 before her application for adjustment of status pursuant to 8 U.S.C. § 1255(a) is resolved by 21 the CIS. Petitioner argues that the DHS Interim Rule, 71 Fed. Reg. 27585 (May 12, 2006), 22 and the CIS Interoffice Memorandum issued on January 12, 2007, authorize her to apply to 23 adjust her status under 8 U.S.C. § 1255(a), and that it would violate her right to due process 24 to deport her before her application is resolved.

25 **II.    Jurisdiction.**

26 In its previous order, the Court rejected Respondents' argument that 8 U.S.C. 27 § 1252(a)(5) deprives the Court of jurisdiction to hear this matter. The Court also reached 28 a tentative conclusion that this action is not barred under 8 U.S.C. § 1252(g). The Court

invited further briefing on the question of whether § 1252(g) presents a jurisdictional bar to this action. Respondents chose not to address this issue in their Opposition to Petitioner's Motion for Preliminary Injunction. Dkt. #25. Because the Court has not received additional briefing from Respondent on this important jurisdictional issue, the Court will not base its decision on a lack of jurisdiction under § 1252.

### III. Preliminary Stay of Removal.

#### A. Standard.

The standard for a stay of removal is the same as the standard for a preliminary injunction. *Andreiu v. Ashcroft*, 253 F.3d 477 (9th Cir. 2001) (*en banc*); *Abbassi v. INS*, 143 F.3d 513, 514 (9th Cir. 1998); *see also Maharaj v. Ashcroft*, 295 F.3d 963, 966 (9th Cir. 2002) (applying the same standard to motions for stay of removal pending appeal from a decision denying an alien's habeas petition). "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A Charles Alan Wright et al., Federal Practice and Procedure § 2948, at 129-30 (2d ed. 1995)). A party seeking a stay of removal must demonstrate "'either (1) a probability of success on the merits and the possibility of irreparable injury, or (2) that serious legal questions are raised and the balance of hardship tips sharply in [its] favor.'" *Andreiu*, 253 F.3d at 483 (quoting *Abbassi*, 143 F.3d at 514). "'These standards present the outer extremes of a continuum, with the relative hardships to the parties providing the critical element in determining at what point on the continuum a stay pending review is justified.'" *Andreiu*, 253 F.3d at 483 (quoting *Abbassi*, 143 F.3d at 514).

#### B. Balance of Hardships.

Because the parties' briefs offer no new insights on the balance of hardships, the Court reaffirms its prior finding that Petitioner would suffer an irreparable injury if she is deported and that the balance of hardships tips sharply in her favor.

#### C. Serious Question on the Merits.

Petitioner claims that she has a right to apply for an adjustment of her status under 8

1  U.S.C. § 1255(a) and that is would violate her due process rights to deport her before her
2  application is adjudicated.  If Petitioner is not eligible to adjust her status under § 1255(a),
3  her claim must fail.  Respondents argue that Petitioner is not eligible for relief under
4  § 1255(a) because she was never paroled into the United States.  Petitioner does not address
5  this issue in her recent filing, except to note that her Request for Parole for Consideration of
6  Adjustment of Status was denied.  Dkt. #24 at 4 n.3.

7       The starting place for a determination of whether Petitioner is eligible for relief under
8  § 1255(a) is the language of the statute itself:

> The status of an alien who was inspected and admitted or paroled into the United States or the status of any other alien having an approved petition for classification as a VAWA self-petitioner may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

14  8 U.S.C. § 1255(a).  Under the plain terms of the statute, an arriving alien is eligible for
15  adjustment only if the alien was inspected and either admitted, paroled or approved as a
16  VAWA self-petitioner.  Because Petitioner does not claim to have been either admitted or
17  approved as a VAWA self-petitioner, she would appear to qualify for adjustment of her
18  status only if she was paroled into the United States.[3]

19       At oral argument on her motion for temporary restraining order, Petitioner noted that
20  an arriving alien's parole is automatically revoked when removal proceedings are initiated.
21  She argued, therefore, that formal parole cannot possibly be required because if it were, no
22  arriving alien who is in removal proceedings would ever qualify for adjustment.  The
23  question of whether the revocation of parole renders an alien ineligible to adjust her status
24  was addressed by the Ninth Circuit in *Bona v. Gonzales*, 425 F.3d 663 (9th Cir. 2005).  In

---

[3] The Attorney General has the discretion to temporarily parole an arriving alien into the United States under 8 U.S.C. § 1182(d)(5)(A).  Nothing in either the Interim Rule or the CIS's Interoffice Memorandum alters the statutory requirement that an arriving alien who has not been admitted or approved as a VAWA self-petitioner must have been paroled into the United States in order to qualify for adjustment of status.

that case, the Government argued that Bona was not eligible for relief under § 1255(a) because her parole status had been revoked. The court rejected the argument, noting that it was "not disputed that [Bona] was 'paroled' into the United states"; therefore, "under the plain terms of section 1255(a), she would be eligible for adjustment of status regardless of whether her parole status ended or was revoked at a later time." *Bona*, 425 F.3d at 668 n.5. In contrast to the applicant in *Bona*, Petitioner was never formally paroled into the United States. Under the plain terms of § 1255(a), therefore, she is not eligible for adjustment of status.

In her Petition for Writ of Habeas Corpus, Petitioner argued that her post-removal release under an order of supervision should qualify as "constructive parole." Dkt. #1 at 6. But Petitioner did not offer any legal authority for her constructive parole argument, and notwithstanding the Court's invitation for her to do so, Petitioner has not offered any additional arguments in support of her claim that she qualifies under § 1255(a) as a "constructive parolee." As previously noted, Petitioner's only mention of the issue in her recent filing is a footnote explaining that her Request for Parole was denied. Dkt. #24 at 4 n.3.

Petitioner's claim that she has a right to apply for an adjustment of status under § 1255(a) is contrary to the plain language of the statute. Despite the Court's invitation for additional argument and authority, Petitioner has failed to demonstrate that a serious question exists on her claim of entitlement to relief under § 1255(a). The Court therefore will deny her request for extraordinary relief.

**IT IS ORDERED** that Petitioner's application for a preliminary injunction is **denied** and the Temporary Stay of Removal (Dkt. #19) filed on May 4, 2007 is **vacated**.

DATED this 29th day of June, 2007.

_____
David G. Campbell
United States District Judge