IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ping Ping Zhou, | No. CV 07-0785-PHX-DGC (ECV) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Michael Chertoff, et al., | |
| Respondents. | |

TO THE HONORABLE DAVID G. CAMPBELL, UNITED STATES DISTRICT JUDGE:

On April 13, 2007, Petitioner Ping Ping Zhou filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner arrived in the United States unlawfully from the People's Republic of China in August 2003 and was taken into custody. She was subsequently released under an order of supervision in June 2004. On March 21, 2007, however, Petitioner was served with a Notice of Revocation of Release and was again taken into custody by Immigration and Customs Enforcement (ICE) officials.

Petitioner seeks a writ of habeas corpus prohibiting Respondents from deporting her before her application for adjustment of status pursuant to 8 U.S.C. § 1255(a) is resolved by

---

[1] Petitioner filed another habeas petition the day before she filed this one claiming that her detention was unlawful because she was not likely to be removed in the near future. See CV 07-780-PHX-DGC (ECV). A Report and Recommendation has already been filed in that case.

1 the Customs and Immigration Services. This issue was resolved by Judge Campbell in an
2 order denying Petitioner's request for a preliminary injunction. Doc. #26. In that order, filed
3 on June 29, 2007, Judge Campbell determined that Petitioner was not eligible for an
4 adjustment of status under the plain terms of the statute and therefore was not entitled to an
5 injunction prohibiting her removal.

6 On March 11, 2008, Respondents filed a Notice of Filing Executed Warrant of
7 Removal (Doc. #28). The Notice provides evidence establishing that Petitioner was in fact
8 removed from the United States to the People's Republic of China back on August 7, 2007.
9 In light of Petitioner's removal, Respondents contend that the habeas petition is moot.

10 Because Petitioner was lawfully removed following the denial of the preliminary
11 injunction, the relief she is seeking in her habeas petition is no longer available, thus
12 rendering the petition moot. The court will therefore recommend that the Petition for Writ
13 of Habeas Corpus be denied.

14 **IT IS THEREFORE RECOMMENDED:**

15 That Petitioner's Amended Petition for Writ of Habeas Corpus (Doc. #1) be **DENIED**
16 **and DISMISSED WITH PREJUDICE**.

17 This recommendation is not an order that is immediately appealable to the Ninth
18 Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
19 Appellate Procedure, should not be filed until entry of the district court's judgment. The
20 parties shall have ten days from the date of service of a copy of this recommendation within
21 which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R.
22 Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have ten days within which to file a
23 response to the objections. Failure to timely file objections to the Magistrate Judge's Report
24 and Recommendation may result in the acceptance of the Report and Recommendation by
25 the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114,
26 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the
27 Magistrate Judge will be considered a waiver of a party's right to appellate review of the
28

1  findings of fact in an order of judgement entered pursuant to the Magistrate Judge's
2  recommendation.  See Fed. R. Civ. P. 72.
3       DATED this 12th day of March, 2008.

*/s/ Edward C. Voss*
Edward C. Voss
United States Magistrate Judge